BOYCE F. MARTIN, JR., Circuit Judge,
concurring in part and dissenting in part, in which
Judge STRANCH joins.
I agree with the majority’s conclusion that the district court properly denied Davis habeas relief with respect to his insufficiency of the evidence claim. However, I disagree with the majority’s conclusion that the district court properly denied *539 Davis habeas relief with respect to his ineffective assistance of counsel claim. I believe that the district court abused its discretion in failing to grant Davis an evidentiary hearing to allow him to further develop the factual basis for this claim. Thus, I would VACATE the judgment of the district court and REMAND for an evidentiary hearing.
The rules governing federal habeas relief provide that: “If the petition is not dismissed, the judge must review the answer, [and] any transcripts and records of state-court proceedings ... to determine whether an evidentiary hearing is warranted.” Rules Governing § 2254 Cases, Rule 8, 28 U.S.C.A. foil. § 2254. We review the district court’s decision not to hold an evidentiary hearing for abuse of discretion. Dixon v. Houk, 627 F.3d 553, 560 (6th Cir.2010). However, several statutory provisions impose limitations on the discretion of federal habeas courts to take new evidence in an evidentiary hearing. If a prisoner has “failed to develop the factual basis of a claim in State court proceedings,” then a federal court is prohibited from holding an evidentiary hearing unless the petitioner meets certain statutory requirements.[1] 28 U.S.C. § 2254(e)(2). Furthermore, “[bjecause the deferential standards prescribed by [AEDPA] control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate.” Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). The Supreme Court has recently clarified that “review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits.” Cullen v. Pinholster, 563 U.S. -, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). However, in this case I believe that AEDPA does not apply and both the deficiency prong and the prejudice prong of Davis’s ineffective assistance claim are subject to de novo review.
The prejudice prong is subject to de novo review because the Michigan trial court, the highest court to reach this issue, analyzed it under an improper standard. The trial court held that Davis did not demonstrate ineffective assistance because he did not show that trial counsel’s failure to call Washington “was prejudicial to the extent that but for that deficiency, [Davis] would have had a more positive outcome at trial, which is necessary to overcome the presumption of trial strategy.” People v. Davis, No. 02-4943-02, slip op. at 1 (Mich. Cir.Ct. Nov. 15, 2004) (emphasis supplied). The Supreme Court, in contrast, has made clear that under the prejudice prong, Davis need only establish “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland v. Washington, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (emphasis supplied). The Supreme Court emphasized that “a defendant need not show that counsel’s deficient conduct more likely than not altered the outcome in the case.” Id. at 693, 104 S.Ct. 2052. Rather, “[a] reasonable probability is a probability sufficient to undermine confidence in the outcome.” Id. at 694, 104 S.Ct. 2052. The Michigan trial court clearly applied the incorrect standard.[2] Cf. West v. Bell, 550 F.3d 542, 553 (6th Cir.2008) (holding that the state court used the wrong standard for determining prejudice when it stated *540 that the burden of proof was a preponderance of the evidence rather than a reasonable probability). A “state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases.” Miller v. Stovall, 608 F.3d 913, 922 n. 7 (6th Cir.2010) (citing Williams v. Taylor, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). Thus, the prejudice prong of Davis’s claim is subject to de novo review. See id. (holding that “we are ‘unconstrained by § 2254(d)(1) because the state-court decision falls within that provision’s ‘contrary to’ clause,’ and our review is de novo” (citing Williams, 529 U.S. at 406, 120 S.Ct. 1495)); Dyer v. Bowlen, 465 F.3d 280, 284 (6th Cir.2006) (“When the state court issues a decision that is contrary to' federal law, we review the merits of the petitioner’s claim de novo.”).
The deficiency prong is subject to de novo review as well because the Michigan trial court failed to address this prong. The trial court’s entire analysis of Davis’s ineffective assistance claim reads:
Further, Defendant has not demonstrated ineffective assistance of counsel. Defendant has not shown that the failure to call the perpetrator who pled guilty to the carjacking was prejudicial to the extent that but for that deficiency, Defendant would have had a more positive outcome at trial, which is necessary to overcome the presumption of trial strategy.
Davis, No. 02-4943-02, slip op. at 1. The Michigan trial court found that Davis failed to satisfy the prejudice prong, and it thus conducted no analysis on the deficiency prong. Cf. Avery v. Prelesnik, 548 F.3d 434, 438 (6th Cir.2008) (court did “not find in the record evidence that the trial court seriously engaged in a complete Strickland prejudice analysis”). The review provisions required by section 2254(d) apply only where there has been an “adjudication on the merits” in a state court proceeding. Cf. Cullen, 131 S.Ct. at 1398 (“If an application includes a claim that has been ‘adjudicated on the merits in State court proceedings,’ § 2254(d), an additional restriction applies.”). Thus, the deficiency prong is also subject to de novo review. See Wiggins v. Smith, 539 U.S. 510, 534, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003) (holding that the Supreme Court’s review was “not circumscribed by a state court conclusion with respect to prejudice, as neither of the state courts below reached this prong of the Strickland analysis”).
The question before us is thus whether the district court abused its discretion in failing to grant Davis an evidentiary hearing, with the understanding that both prongs of his ineffective assistance claim are subject to de novo review. “In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition’s factual allegations, which, if true, would entitle the applicant to federal habeas relief.” Schriro, 550 U.S. at 474, 127 S.Ct. 1933. This Court has held that a habeas applicant is generally entitled to an evidentiary hearing if he “alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.” Sawyer v. Hofbauer, 299 F.3d 605, 610-11 (6th Cir.2002) (internal quotation marks and citation omitted). There is no dispute that the state courts did not hold a full and fair evidentiary hearing. Because AEDPA does not apply to Davis’s ineffective assistance claim, and neither do the restrictions in Pinholster, I therefore consider whether Davis has alleged sufficient grounds for release and whether relevant facts are in dispute.
An evidentiary hearing might have allowed Davis to prove under the deficiency *541 prong that “counsel’s representation fell below an objective standard of reasonableness.” Harrington v. Richter, — U.S. -, 131 S.Ct. 770, 787, 178 L.Ed.2d 624 (2011) (internal quotation marks and citation omitted). It is objectively unreasonable for an attorney to make a decision to decline to call a defense witness “without first investigating [the witness], or at least making a reasoned professional judgment that such investigation was unnecessary.” Towns v. Smith, 395 F.3d 251, 260 (6th Cir.2005). On the record before us, it is unclear to what extent trial counsel investigated Washington or made a reasoned professional judgment that investigation was unnecessary. There is no record of trial counsel having actually spoken to Washington. Trial counsel explained during trial that he had three main reasons for his decision not to call Washington as a witness: (1) he did not want the jury to associate Davis with Washington given that Washington had already pled guilty to the carjacking; (2) he was concerned that Washington would exercise his Fifth Amendment right to remain silent if called; and (3) the prosecutor threatened to charge Washington with perjury if he testified. Only the first two reasons relate to Davis’s interests as opposed to Washington’s. Trial counsel’s mere articulation of some basis for his decision does not establish that his performance was sufficient. Roe v. Flores-Ortega, 528 U.S. 470, 481, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (“The relevant question is not whether counsel’s choices were strategic, but whether they were reasonable.”). Here, it is not clear that trial counsel’s reasoning was sound. It may have been unreasonable for trial counsel to' presume that Washington’s guilty plea would undermine Davis’s case, because the parties did not dispute that Washington had been the principal carjacker. Furthermore, it may have been unreasonable for trial counsel to presume that Washington remaining silent would undermine Davis’s -case, because trial counsel did not appear to confirm that Washington would remain silent and could have avoided promising the jury that Washington would testify. On the record before us, there are serious questions as to whether his failure to call Washington could have been sound trial strategy. Cf. Johnson v. Sherry, 586 F.3d 439, 446 (6th Cir.2009) (evidentiary hearing was warranted to determine if trial counsel’s failure to object constituted deficient performance when no court had conducted an evidentiary hearing and it was difficult to see how the failure could have been strategic). The majority repeatedly faults Davis — who was incarcerated and proceeding pro se — for not introducing evidence that trial counsel failed to adequately investigate or consider calling Washington. However, Davis was unable to gather and introduce such factual evidence without a hearing. Thus, an evidentiary hearing was necessary to determine whether trial counsel’s failure to call Washington constituted deficient performance.
An evidentiary hearing also might have allowed Davis to prove under the prejudice prong “a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Harrington, 131 S.Ct. at 787 (internal quotation marks and citation omitted). This court has repeatedly found prejudice resulting from trial counsel failing to investigate or present favorable witnesses. See, e.g., Bigelow v. Haviland, 576 F.3d 284, 291-92 (6th Cir.2009) (failure to investigate alibi witness); Ramonez v. Berghuis, 490 F.3d 482, 491 (6th Cir.2007) (failure to present three favorable witnesses); Stewart v. Wolfenbarger, 468 F.3d 338, 357 (6th Cir.2006) (failure to present alibi witness). Although I join the majority opinion regarding Davis’s sufficiency of the evidence claim, both the original panel decision in this case and the separate dis *542 sent on this issue show that the claim presented a close question. Thus, the lack of overwhelming evidence of Davis’s guilt provides support for a finding of prejudice. See Strickland, 466 U.S. at 696, 104 S.Ct. 2052 (stating that a “verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support”). Furthermore, it was inappropriate for the district court to presume that a jury would not find Washington credible. See, e.g., Ramonez, 490 F.3d at 490 (stating that “in the context of evaluating whether there is a reasonable probability that [a] witness’s testimony ... would have changed the outcome of the trial ... our Constitution leaves it to the jury, not the judge, to evaluate the credibility of witnesses”). This is particularly true in the absence of an evidentiary hearing. See Blackledge v. Allison, 431 U.S. 63, 82 n. 25, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (‘When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive.” (internal quotation marks and citation omitted)); cf. Petty v. Metro. Gov’t of Nashville-Davidson Cnty., 538 F.3d 431, 435 n. 1 (6th Cir.2008) (“[Credibility determinations are inappropriate for summary judgment.”). Thus, an evidentiary hearing was also necessary to determine whether Davis could prove prejudice resulting from trial counsel’s failure to call Washington.
Davis’s ineffective assistance claim alleges sufficient grounds for release, and relevant facts are in dispute regarding both the deficiency and prejudice prongs. Cf. Sawyer, 299 F.3d at 610. Thus, I believe that the district court abused its discretion in failing to conduct an evidentiary hearing on this claim, and I would VACATE the judgment of the district court and REMAND for an evidentiary hearing.

. The United States has not challenged Davis’s request for a hearing on this ground, and in any event Davis requested a hearing in state court and was diligent in attempting to document his claim.

. The United States did not contest this point at oral argument.